IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AluChem, Inc., | : | Case No. C-1-06-263 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING IN PART |
| | : | AND DENYING IN PART |
| Sherwin Alumina L.P. d/b/a | : | DEFENDANT'S MOTION TO |
| Sherwin Alumina Company, | : | DISMISS OR TRANSFER, |
| | : | DENYING PLAINTIFF'S |
| | : | MOTION TO RETAIN |
| Defendant. | : | JURISDICTION, AND |
| | : | TRANSFERRING CASE |

This matter comes before the Court on Plaintiff's Motion to Retain Jurisdiction and Enjoin Sherwin From Proceeding With Litigation in Texas (doc. # 4) and Defendant's Motion to Dismiss or Transfer (doc. # 5). On May 3, 2006, Plaintiff AluChem, Inc. ("AluChem") filed its Verified Complaint (doc. #1) and Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (doc. #2) against Defendant Sherwin Alumina L.P. d/b/a Sherwin Alumina Co. ("Sherwin"). That same day, the Court held a conference call with counsel for the parties. On that call, Sherwin's counsel informed the Court that on April 26, 2006, Sherwin had filed an action for a declaratory judgment against AluChem in the Southern District of Texas (the "Texas action").[1] On May 4, 2006, and May 10, 2006, the Court held additional conference calls with counsel for the parties. At both conferences, Sherwin argued that this Court should apply the first-to-file rule and

---

[1] Sherwin's counsel also faxed to the Court a copy of the signed and file-stamped Petition for Declaratory Judgment filed in the Southern District of Texas (Case No. 06-CV-183, dated April 26, 2006.)

either dismiss this case or transfer it to the Southern District of Texas; AluChem argued that the bad faith exception to the first-to-file rule applied and that this Court should exercise its discretion to retain the case.

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., No. 00-3183, 2001 WL 897452, at **3 (6th Cir. July 31, 2001) (citation omitted). "A court determines whether the first-to-file rule applies by examining: '(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake.'" Versus Tech., Inc. v. Hillenbrand Indus., Inc., No. 1:04-CV-168, 2004 WL 3457629, at *5 (W.D. Mich. Nov. 23, 2004) (citation omitted). Having reviewed both AluChem's Complaint in this action and Sherwin's Petition for Declaratory Judgment in the Texas action, it is clear that the first-to-file rule applies here. The Texas action was unquestionably filed before this action, the parties are identical, and both cases involve the parties' dispute regarding their contract for the supply and purchase of calcined alumina.

AluChem argues that this Court should apply an exception to the first-to-file rule because of Sherwin's allegedly bad faith conduct in filing for a declaratory judgment in Texas. AluChem is correct that "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands," and that one factor weighing against applying rule is bad faith. Zide, 2001 WL 897452, at **3. The majority of courts hold, however, that it is the *first*-filed court that should decide whether an exception to the first-to-file rule applies. See, e.g., Convergys Corp. v. Manuel,

No. 1:04-CV-332, slip op. at 2 (S.D. Ohio June 24, 2004); Daimler Chrysler Corp. v. General Motors Corp., 133 F. Supp. 2d 1041, 1042-44 (N.E. Ohio 2001) (collecting cases); but see UAW v. Dana Corp., No. 3:99CV7603, 1999 WL 33237054, at *6 (N.D. Ohio Dec. 6, 1999) (second-filed court ordered defendants to show cause why their first-filed suit should not be enjoined for bad faith); Emergency Dictation Servs., Inc. v. Cbay Systems, Ltd., No. 05-72137, 2005 WL 2769006, at *3-*4 (E.D. Mich. Oct. 25, 2005) (second-filed court disregarded first-to-file rule due to defendants' inequitable conduct).  This Court holds that, in the interest of certainty and comity, it is important to maintain a bright-line rule that the first-filed court should determine whether an exception applies and which action should proceed.  AluChem's argument that an exception applies should thus be addressed to the Texas court.

As such, this Court may dismiss this case, stay the case pending the outcome of the first-filed suit, or transfer the case to the Texas court.  See, e.g., Portfolio Techs., Inc. v. Intellx Inc., No. 1-05-CV-159, 2005 WL 1189604, at *3 (W.D. Mich. May 19, 2005); Fuller v. Abercrombie & Fitch Stores, Inc,. 370 F. Supp. 2d 686, 689 (E.D.Tenn. 2005); Versus Tech., 2004 WL 3457629, at *8. Given the apparently time-sensitive nature of AluChem's claims, and the desire to avoid duplicative litigation, the Court **DENIES** Sherwin's request to dismiss this case, but **GRANTS** its request to transfer.  The Court therefore also **DENIES** AluChem's Motion to Retain Jurisdiction.

Thus, pursuant to the first-to-file rule, this Court hereby **DENIES** Plaintiff's Motion to Retain Jurisdiction and Enjoin Sherwin From Proceeding With Litigation in Texas (doc. # 4); **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss or Transfer (doc. # 5); and **TRANSFERS** this case to the United States District Court for the Southern District of Texas.

IT IS SO ORDERED.

    s/Susan J. Dlott
Susan J. Dlott
United States District Judge